# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**TIMOTHY BURTON,** *on his own behalf and on behalf of those similarly situated,*

      **Plaintiffs,**

-vs-                 **Case No. 6:07-cv-1045-Orl-22KRS**

**UTILITY DESIGN, INC., and PATRICK MONTGOMERY,**

      **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

  This cause came on for consideration after oral argument on the following motion filed herein:

> **MOTION:**  **RENEWED JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT (Doc. No. 69)**
>
> **FILED:**  June 20, 2008
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part.

**I. BACKGROUND.**

  Plaintiff Timothy Burton brought this action on behalf of himself and others similarly situated for failure to pay overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 216(b). Doc. No. 1. On September 27, 2007, the Court conditionally certified the action as a collective action.

Doc. No. 42. Thirty-six plaintiffs, including Burton, opted into the action.[1] Doc. Nos. 2, 17, 24, 30, 37, 40, 53, 54, 55. The parties have agreed to settle the claims of all opt-in plaintiffs for a total of $97,418.00, in addition to attorneys' fees and costs. The parties request that the Court find that their settlement is a fair and reasonable resolution of a bona fide dispute and approve the settlement.

## II.   APPLICABLE LAW.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id*. at 1353. While *Lynn's Food Stores, Inc.* requires the Court to examine whether any possible compromise of an FLSA claim is fair, the Court need not examine the other provisions of the settlement.

## III.   ANALYSIS.

### A.   *Whether Plaintiffs Are Similarly Situated for Purposes of a Collective Action.*

As a preliminary matter, I note that the parties have not requested that the Court make a final determination that it is appropriate for the case to proceed as a collective action. While the final class certification determination is normally made in response to a motion to decertify the conditional certification, it appears that the Court must make some final class certification finding before approving a collective action settlement. *See Anderson v. Cagle's, Inc.*, 488 F.3d 945, 953 (11th Cir. 2007)(noting that after conditional certification, the Court must address after discovery whether the plaintiffs are similarly situated to the extent necessary to maintain a collective action).

---

[1] Gerald Demarsh opted into the action; however, he voluntarily moved to dismiss his claim prior to settlement. Doc. No. 60, 61.

Rather than pursuing final class certification, counsel for Plaintiffs agreed at the hearing to decertification of the class and approval of the settlement on an individual basis as to each opt-in plaintiff. I recommend that the Court follow this approach.

    B.    *Whether the Amount of FLSA Compensation Is Fair as to Each Opt-in Plaintiff.*

Plaintiffs' counsel filed a chart summarizing the recovery that each of the thirty-five opt-in plaintiffs will receive as a result of this settlement. Doc. No. 69-3. In reviewing the proposed recoveries, each of the plaintiffs will receive an amount that fully compensates them for their unpaid wages falling within the two-year statute of limitations period that began to run on the date that each plaintiff joined the case. Additionally, the five plaintiffs who have claims for unpaid wages outside of the two-year statute of limitations period will receive 25% of the amount of unpaid wages earned during the third year prior to joining this action, in addition to the full amount received for the first two years.[2] *Id.*

With respect to the recovery of unpaid wages during the two-year statute of limitations period, because the plaintiffs are receiving all of the compensation to which they are arguably entitled under the FLSA, I conclude that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc.*, 679 F.2d at 1354. As to the claims for unpaid wages during the period beginning three years before the plaintiffs opted into the action, as the plaintiffs would have had to show that any violation by the defendants was willful to recover any wages during this period, I find that the present settlement under which the plaintiffs will receive 25%

---

[2] Although the statute of limitations is ordinarily two years, a cause of action arising out of a willful violation of the FLSA may be filed within three years after the cause of action accrued. 29 U.S.C. § 255(a).

of unpaid wages for that period is a reasonable compromise. Accordingly, I find that the recovery for the work three years prior to the plaintiff opting-in to the case is "fair and reasonable."

The Court need not determine whether the attorneys' fees or other payments in the settlement are fair and reasonable. Accordingly, I do not address those provisions.

   *C.   Administrative Closure of the Case.*

Plaintiffs have not submitted signed settlement agreements for each opt-in plaintiff. Accordingly, counsel for Plaintiffs asks that the Court approve the agreement as to the FLSA compensation to be paid but not reserve jurisdiction to enforce the settlement agreements because they are not before the Court. I recommend that the Court follow this approach by making the fairness finding discussed above and entering an order closing the case subject to reopening in sixty days if an issue arises as to any of the individual settlement agreements.

**IV. RECOMMENDATION.**

Accordingly, I respectfully recommend that the Court take the following actions:

1. **DISMISS** the collective action allegations in the complaint and **DECERTIFY** the collective action;

2. **FIND** that the settlement amount to be paid to each opt-in plaintiff is a fair and reasonable resolution of a bona fide dispute under the FLSA;

3. **DECLINE** to reserve jurisdiction to enforce any of the settlement agreements; and,

4.   **DIRECT** the Clerk of Court to close the file, subject to reopening by a motion filed within sixty (60) days.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 2, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy